The Honorable Paul B. Snyder

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re

GATEWAYS FOR YOUTH AND
FAMILIES,

                    Debtor.

Case No. 14-41858-PBS

**DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014**

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF CONTENTS

Page

ARTICLE 1 DEFINITIONS ........................................................................................ 1

ARTICLE 2 PROVISIONS FOR TREATMENT OF ADMINISTRATIVE AND
PRIORITY TAX CLAIMS ....................................................................... 12

2.1    Administrative Claims. ................................................................... 12

2.2    Professional Fees. ........................................................................... 12

2.3    Priority Tax Claims. ....................................................................... 13

ARTICLE 3 CLASSIFICATION OF CLAIMS AND INTERESTS ....................... 13

ARTICLE 4 PROVISIONS FOR TREATMENT OF CLAIMS AND INTERESTS ......... 14

4.1    Class 1.  Priority Claims. ............................................................... 14

4.2    Class 2.  Tort Claims. .................................................................... 15

4.3    Class 3.  Convenience Claims. ....................................................... 16

4.4    Class 4.  General Unecured Claims ............................................... 16

ARTICLE 5 ACCEPTANCE OR REJECTION OF THIS PLAN ......................... 18

5.1    Each Impaired Class Entitled to Vote Separately. ......................... 18

5.2    Acceptance by a Class of Claims. .................................................. 18

ARTICLE 6 MEANS FOR IMPLEMENTATION AND EXECUTION OF THIS
PLAN ........................................................................................................ 19

6.1    Effective Date Transactions. ........................................................... 19

6.2    Amendment of Operating Agreement. ............................................ 19

6.3    Continuation of Business. ............................................................... 19

6.4    Management and Operations. .......................................................... 20

6.5    Plan Funding. .................................................................................. 20

6.6    Preservation of Causes of Action and Avoidance Actions. ............ 20

6.7    Compensation of Professionals. ...................................................... 21

ARTICLE 7 PROVISIONS GOVERNING DISTRIBUTIONS AND DISPUTED
CLAIMS .................................................................................................... 21

7.1    Disbursing Agent. ........................................................................... 21

7.2    Record Date. .................................................................................... 21

7.3    Timing of Distributions. ................................................................. 21

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – i
LEGAL120096155.2

# TABLE OF CONTENTS
(continued)

7.4 Withholding Taxes...................................................................................... 21

7.5 Third Party Recoveries. ............................................................................ 22

7.6 Fractional Cents. ...................................................................................... 22

7.7 No Distributions Under Twenty Dollars.................................................... 22

7.8 Undeliverable or Unclaimed Distributions................................................ 22

7.9 Time Bar to Cashing Distribution Checks................................................. 23

7.10 Transmittal of Distributions and Notices.................................................. 23

7.11 Disputed Claims....................................................................................... 24

7.12 Procedure. ............................................................................................... 24

7.13 Disputed Distributions. ........................................................................... 25

7.14 Limitations on Filing or Amending Claims After the Confirmation
Date............................................................................................................ 25

7.15 No Distributions Pending Allowance. ....................................................... 25

ARTICLE 8 TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES............................................................................................................... 26

8.1 General Assumption of Executory Contracts and Unexpired Leases........... 26

8.2 Cure of Assumed Contracts and Leases. ................................................... 26

8.3 Filing of Proofs of Claim.......................................................................... 27

ARTICLE 9 CONDITIONS PRECEDENT ............................................................... 27

9.1 Conditions Precedent to the Effective Date................................................ 27

9.2 Waiver of Conditions................................................................................. 28

9.3 Notice of Effective Date. ........................................................................... 28

ARTICLE 10 EFFECT OF CONFIRMATION .......................................................... 29

10.1 Effect of Appeals. ..................................................................................... 29

10.2 Binding Effect............................................................................................ 29

10.3 Revesting of Property. ............................................................................... 29

10.4 Discharge. ................................................................................................. 29

10.5 Term of Injunction or Stays. ...................................................................... 30

10.6 Injunction................................................................................................... 30

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – ii
LEGAL120096155.2

10.7 Exculpation. .................................................................................................. 30

10.8 Effect on Insurance Policies. ...................................................................... 31

ARTICLE 11 MISCELLANEOUS PROVISIONS ............................................................ 31

11.1 Revocation. ................................................................................................... 31

11.2 Effect of Withdrawal or Revocation. ........................................................ 31

11.3 Modifications. .............................................................................................. 32

11.4 Bankruptcy Court to Retain Jurisdiction. ............................................... 32

11.5 Election Pursuant to Section 1129(b) of the Bankruptcy Code. ............ 34

11.6 Consummation of the Plan. ........................................................................ 34

11.7 Exemption from Transfer Taxes. ............................................................... 35

11.8 Waivers. ........................................................................................................ 35

11.9 Setoffs, Recoupments and Defenses. ........................................................ 35

11.10 Cancellation of Documents Evidencing Unsecured Claims. .................. 36

11.11 No Retiree Benefits. .................................................................................... 36

11.12 Closing of the Bankruptcy Cases. ............................................................. 36

11.13 Compromise of Controversies. ................................................................. 37

11.14 Payment of Statutory Fees. ....................................................................... 37

11.15 Notices. ......................................................................................................... 37

11.16 Headings. ...................................................................................................... 38

11.17 Construction. ............................................................................................... 38

11.18 Governing Law. ........................................................................................... 39

11.19 Successors and Assigns. .............................................................................. 39

11.20 Exhibits. ........................................................................................................ 39

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – iii
LEGAL120096155.2

Debtor and Debtor-In-Possession Gateways for Youth and Families ("**Gateways**" or "**Debtor**") proposes the following plan of reorganization pursuant to section 1121(a) of the Bankruptcy Code.

**ALL CREDITORS ARE ENCOURAGED TO CONSULT THE DISCLOSURE STATEMENT BEFORE VOTING TO ACCEPT OR REJECT THIS PLAN. THE DISCLOSURE STATEMENT CONTAINS A DISCUSSION OF THE DEBTOR'S PREPETITION AND POSTPETITION ACTIVITIES AND A SUMMARY AND ANALYSIS OF THIS PLAN.**

## ARTICLE 1
## DEFINITIONS

Whenever from the context it appears appropriate, each term stated in either the singular or the plural shall include the singular and the plural, and pronouns stated in the masculine, feminine or neuter shall include the masculine, feminine and the neuter. The words "herein," "hereto," "hereof," "hereunder" and others of similar import refer to this Plan as a whole and not to any particular article, section, subsection, or clause contained in this Plan. Any term used in this Plan that is not herein defined but is used in the Bankruptcy Code shall have the meaning assigned to the term in the Bankruptcy Code. Unless the context requires otherwise, the following words and phrases shall have the meaning set forth below when used in initially capitalized form in this Plan:

"**Administrative Claim**" means a Claim for payment of an administrative expense of a kind specified in section 503(b) of the Bankruptcy Code and referred to in section 507(a)(1) of the Bankruptcy Code, including, without limitation, the actual, necessary costs and expenses of preserving the Debtor's estate and operating the businesses of the Debtor, including wages, salaries, or commissions for services rendered after the Petition Date,

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 1
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 14-41858-PBS   Doc 3   Filed 04/02/14   Ent. 04/02/14 16:53:02   Pg. 5 of 43

compensation for legal and other services and reimbursement of expenses awarded under section 330(a) or 331 of the Bankruptcy Code, and all fees and charges assessed against a Debtor's estate under section 1930 of title 28 of the United States Code, and all fees and charged assessed against a Debtor's estate under section 1930 of title 28 of the United States Code.

**"Allowed"** means with respect to Claims: (i) any Claim against either of the Debtor, proof of which is Filed before the General Bar Date or the Tort Claims Bar Date, as applicable, or which by order of the Bankruptcy Court is not or will not be required to be Filed; or (ii) any Claim that has been or is hereafter listed in the Schedules Filed by either Debtor as liquidated in amount and not disputed or contingent and in each case as to which either (a) no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court or (b) such an objection is so interposed and the Claim will have been allowed by a Final Order (but only to the extent so allowed), or (iii) any Claim Allowed pursuant to this Plan. A Claim is not an Allowed Claim merely because it has been described, treated or defined in this Plan. An Allowed Claim will not include interest on the principal amount of such Claim from and after the Petition Date, except as otherwise specifically provided in this Plan. Notwithstanding the foregoing, Claims will be Allowed to the extent that this Plan provides that they are deemed Allowed.

**"Applicable Insurance"** means any insurance policies owned by the Debtor that may arguably cover Tort Claims against the Debtor. Nothing herein shall affect such coverage or constitute a finding that any such policies do or do not cover any of such Tort Claims.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 2
LEGAL120096155.2

Case 14-41858-PBS    Doc 3    Filed 04/02/14    Ent. 04/02/14 16:53:02    Pg. 6 of 43

"**Assumed Contracts**" has the meaning set forth in Section 8.1 of this Plan.

"**Avoidance Actions**" means all avoidance claims arising under Chapter 5 of the Bankruptcy Code or otherwise and the proceeds thereof, of whatever kind or nature, and whether asserted or unasserted, including, but not limited to, all avoidance actions instituted pursuant to sections 510, 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code.

"**Bankruptcy Case**" means the case under chapter 11 of the Bankruptcy Code concerning the Debtor commenced on the Petition Date.

"**Bankruptcy Code**" means title 11 of the United States Code, as amended from time to time, as applicable to the Bankruptcy Case.

"**Bankruptcy Court**" means the United States Bankruptcy Court for the Western District of Washington, which has jurisdiction over the Bankruptcy Case.

"**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure promulgated under section 2075 of title 28 of the United States Code, as amended from time to time, and any and all applicable local rules of the Bankruptcy Court, as the same may from time to time be in effect and applicable to the Bankruptcy Case and other related proceedings.

"**Business Day**" means any day other than a Saturday, Sunday or a "legal holiday" listed in Bankruptcy Rule 9006(a).

"**Cash**" means legal tender issued by the government of the United States of America irrespective of the method of payment.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 3
LEGAL120096155.2

"**Causes of Action**" means any and all causes of actions of the estate, of whatever kind or nature, and whether asserted or unasserted, including, without limitation Avoidance Actions.

"**Child Abuse**" means abuse or neglect of a child as set forth in RCW 26.44.020 to the extent not time barred, including pursuant to RCW 4.16.340.

"**Claim**" means (i) a right to payment from the estate (including, without limitation, a guaranty), whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable remedy for breach of performance from the estate if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

"**Class**" means a Class of Claims, as described in Article 3 of this Plan in accordance with section 1123(a)(1) of the Bankruptcy Code.

"**Confirmation**" means the entry of the Confirmation Order by the Bankruptcy Court confirming this Plan.

"**Confirmation Date**" means the date on which the Confirmation Order is entered on the docket maintained by the Bankruptcy Court.

"**Confirmation Hearing**" means the hearing to be held by the Bankruptcy Court to consider Confirmation of this Plan.

"**Confirmation Order**" means the order of the Bankruptcy Court confirming this Plan under section 1129 of the Bankruptcy Code.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 4
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**"Convenience Claim"** means an unsecured claim against the Debtor in a principal amount of $1,000 or less, or reduced voluntarily by the claimant to $1,000.

**"Cure"** means the distribution of Cash, or such other property or undertaking as may be agreed on by the parties, with respect to the assumption of an executory contract or unexpired lease under section 365(b) of the Bankruptcy Code, in an amount equal to all accrued, due and unpaid monetary obligations, without interest, as of the Effective Date, or such other amount as may be agreed on by the parties, under such executory contract or unexpired leases, to the extent such obligations are enforceable under the Bankruptcy Code and applicable nonbankruptcy law.

**"D&O Claims"** means any claim, demand, suit, cause of action, proceeding or any other rights or asserted rights to payment by the Debtor against a person who at anytime was an officer or director of the Debtor, excluding the Debtor's officers and directors as of the Petition Date.

**"Debtor"** means Gateways for Youth and Families.

**"Disallowed"** means the portion of a Claim that has been determined not to be an Allowed Claim by the Court or by agreement of the Reorganized Debtor and the Claimant.

**"Disclosure Statement"** means the disclosure statement, as amended, supplemented or modified from time to time, describing this Plan, prepared in accordance with section 1126(b) of the Bankruptcy Code.

**"Disputed Claim"** means (i) a Claim against the Debtor that was not timely Filed; (ii) a Claim against the Debtor, to the extent that a proof of Claim has been timely Filed or deemed timely Filed under applicable law, as to which an objection has been timely Filed by the Debtor or any other party in interest and which objection has not been withdrawn or has

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 5
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 14-41858-PBS   Doc 3   Filed 04/02/14   Ent. 04/02/14 16:53:02   Pg. 9 of 43

not been denied by a Final Order; (iii) a Claim for which no proof of claim was Filed and that was either not listed in the Schedules or listed in the Schedules as contingent, disputed or unliquidated; and (iv) the Claim of any creditor appealing the Confirmation Order.

"**Distribution Date**" means as to each Class of Claims, the date on which distributions are to be made as set forth in this Plan.

"**Effective Date**" means the day that (i) is at least fifteen (15) days after the Confirmation Date and (ii) all conditions precedent to this Plan as set forth in Section 9.1 have been satisfied, or, if such date is not a Business Day, the next succeeding Business Day; provided, that if a stay of the Confirmation Order is then in effect, the Effective Date will be the first Business Day after the stay is lifted. If the other requirements of the definition of Effective Date are satisfied, the Debtor may elect for the Effective Date to occur prior to the time set forth in subparagraph (i).

"**Effective Date Deed Restrictions**" means the deed restrictions, which will be substantially similar to the Existing Deed Restrictions, that will apply to the Unrestricted Property on and after the Effective Date. The Effective Date Deed Restrictions will be recorded against the Unrestricted Property pursuant to an instrument in form to be submitted with the Plan Supplement. The Effective Date Deed Restrictions will be junior to the Trust Deed of Trust.

"**Existing Deed Restrictions**" means the following express condition applicable to the Restricted Property found in Volume 513, Page 297 in the Auditor's Office of Pierce County, Washington:

> The property hereinabove conveyed shall be at al times used for the maintenance of a home for children, young men, young women or any of such classes, which home shall be originally designated as the "Jessie Dyslin

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 6
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Boys' Ranch" which may be changed from time to time to a more appropriate one designating the purpose for which the home is then being used, but containing however, in its name the name of said grantor, Jessie Dyslin.

If said second party or its successor shall at any time cease to use said premises for the purpose hereinabove set forth, the title shall revert to said grantor if she be then living, and if she be deceased, to the trustees named in her last will, and in such event, said trustees shall devote such property to such charitable use as shall in their discretion most nearly approach the use hereinabove set forth.

**"Entity"** means any individual, corporation, limited liability company or similar entity, limited or general partnership, joint venture, association, joint stock company, estate, entity, trust, trustee, U.S. Trustee, unincorporated organization, government, governmental unit (as defined in the Bankruptcy Code), agency or political subdivision thereof.

**"Federal Judgment Rate"** means the rate payable on Federal judgments computed as of the Effective Date in accordance with 28 U.S.C. § 1961.

**"Fee Claim"** means a Claim under sections 326, 330 or 503 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in this Bankruptcy Case.

**"Filed"** means filed with the Bankruptcy Court in the Bankruptcy Case.

**"Final Order"** means an order, ruling or judgment that is no longer subject to review, reversal, modification or amendment by appeal or writ of certiorari.

**"General Bar Date"** means the date to be set pursuant to an Order of the Court as the last date to file proofs of claim against the Debtor; provided that Tort Claims may be filed prior to the Tort Claims Bar Date notwithstanding the General Bar Date.

**"General Unsecured Claim"** means any unsecured claim against the Debtor other than a Convenience Claim, Priority Claim, or Tort Claim.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 7
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**"Other Trust Assets"** means the approximately five acre parcel of real property in Lewis County owned by the Debtor, and the timeshare interest in Ocean Shores, Washington owned by the Debtor.

**"Petition Date"** means April 2, 2014, the date this Bankruptcy Case was commenced.

**"Plan"** means this chapter 11 plan of reorganization together with all exhibits and attachments hereto, either in its present form or as it may be altered, amended or modified pursuant to Section 12.3 of this Plan and applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

**"Plan Supplement"** means the document to be filed by the Debtor no later than ten (10) Business Days prior to the date votes on the Plan are due, including such ancillary documents as forms of the Trust Agreement, the Trust Note, and the Trust Deed of Trust; a list of Assumed Contracts; and other additional documents as Debtor may determine are appropriate.

**"Priority Claim"** means any Claim, other than a Priority Tax Claim or an Administrative Claim, which is entitled to priority in payment under section 507(a) of the Bankruptcy Code.

**"Priority Tax Claim"** means any Claim that is entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code.

**"Projections"** means the projections attached to the Disclosure Statement.

**"Pro Rata"** means at any particular time, with respect to each Class of Claims, the same proportion that the Allowed amount of a Claim in such Class of Claims bears to the aggregate of:  (i) the Allowed amount of all such Claims, plus (ii) the aggregate asserted

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 8
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

amount of all Disputed Claims of such Class of Claims, as reduced from time to time as and to the extent that the Allowed amount of such Claim is determined.

**"Real Property"** means the real property owned by the Debtor located in Pierce County, Washington, consisting of approximately 29 acres with a common street address of 3501 104th Street East, Tacoma, Washington 98446.

**"Reorganized Debtor"** refers to the Debtor on and after the Effective Date. At the Effective Date, the Reorganized Debtor will amend its charter documents to reflect its new name, Mentor House.

**"Restricted Property"** means the portion of the Real Property that is subject to the Deed Restriction. A map of the Real Property indicating the portion that is Restricted Property and the portion that is Unrestricted Property is included with the Disclosure Statement.

**"Schedules"** means the schedules of assets and liabilities Filed by each Debtor with the Bankruptcy Court in accordance with section 521(1) of the Bankruptcy Code, including any supplements or amendments made thereto pursuant to Bankruptcy Rule 1009.

**"Secured Claim"** means any Claim that is secured by a validly existing and properly perfected security interest, either by deed of trust, mortgage or financing statement, or pursuant to applicable law, in property of the Debtor.

**"Secured Tax Claim"** means any and all Claims of governmental units for ad valorem property taxes or similar impositions that are secured by statutory liens on any of the Debtor's property, whether real or personal, which liens take priority over all other liens against the same property.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

"**Sexual Misconduct**" has the meaning given to the term "childhood sex abuse" in RCW 4.16.340(5).

"**Tort Claim**" means any Claim, demand, suit, cause of action, proceeding or any other rights or asserted rights to payment, now or hereafter asserted against the Debtor arising in tort, including but not limited to personal injury tort and wrongful death claims, claims for punitive damages, and claims based upon or in any manner arising from or related to acts of Child Abuse or Sexual Misconduct first occurring on or prior to the Petition Date.

"**Tort Claimant**" means the holder of a Tort Claim.

"**Tort Claims Bar Date**" means the date which is six months after the Effective Date.

"**Trust**" means the trust to be established pursuant to the Plan in accordance with the Trust Agreement.

"**Trust Agreement**" means the Agreement of Trust between the Debtor and the Trustee, in form to be submitted with the Plan Supplement, whereby among other things the Debtor will assign to the Trustee all interest in the Trust Note, the Trust Deed of Trust, the D&O Claims, and Applicable Insurance, and the Trustee will (solely as trustee and not in his individual capacity) assume all liability for Tort Claims and General Unsecured Claims.

"**Trust Deed of Trust**" means the deed of trust encumbering the Unrestricted Property, in form to be submitted with the Plan Supplement, to be delivered by the Reorganized Debtor to the Trustee and recorded at the Effective Date, pursuant to which the Reorganized Debtor will grant a lien to the Trustee to secure the Reorganized Debtor's obligations under the Trust Note.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 10
LEGAL120096155.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

"**Trust Note**" means the promissory note payable to the order of the Trustee that is to be delivered to the Trustee on the Effective Date, in form to be submitted with the Plan Supplement. The Trust Note will be in the principal amount of $_____, will bear interest at the rate of 5.0% per annum, and will be paid as follows: (a) from the Effective Date until the date that is one year after the Effective Date, one payment at the anniversary date of interest only; (b) from the Effective Date until the date that is two years after the Effective Date, monthly payments of interest only; (c) thereafter until the Trust Note Maturity Date, monthly payments equal to accrued interest plus $2,500 per month; and (d) on the Trust Note Maturity Date, the remaining balance due, if any, under the Trust Note.

"**Trust Note Maturity Date**" means the fifth anniversary of the Effective Date.

"**Trust Proceeds**" means the proceeds from liquidation of the Trust Property *less* the reasonable expenses of the Trustee including attorneys' fees.

"**Trust Property**" means property of the Debtor that is to be transferred to the Trustee on the Effective Date, including the Trust Note, Applicable Insurance, Other Trust Assets, and the D&O Claims.

"**Trustee**" means _____ and any successor trustee appointed pursuant to the Trust Agreement.

"**Unrestricted Property**" means the portion of the Real Property that, as of immediately prior to the Effective Date, is not subject to the Existing Deed Restriction. A map of the Real Property indicating the portion that is Restricted Property and the portion that is Unrestricted Property is included with the Disclosure Statement.

"**U.S. Trustee**" means the Office of the United States Trustee.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## ARTICLE 2
## PROVISIONS FOR TREATMENT OF ADMINISTRATIVE
## AND PRIORITY TAX CLAIMS

**2.1    Administrative Claims.**

Each Administrative Claim other than Fee Claims accrued on or before, but unpaid as of, the Effective Date will be paid in full in Cash on the latest of: (i) the Effective Date, or as soon as practicable thereafter; (ii) ten Business Days after the date on which the Bankruptcy Court enters an order allowing such Administrative Claim; or (iii) the date on which the Debtor or the Reorganized Debtor, as the case may be, and the holder of such Allowed Administrative Claim otherwise agree in writing; provided, however, that Administrative Claims representing indebtedness or other obligations incurred in the ordinary course of business of the Debtor will be paid in the ordinary course of business and in accordance with any terms and conditions of any agreement or order relating thereto.

**2.2    Professional Fees.**

Each professional person, whose retention or appointment in the Bankruptcy Cases has been approved by the Bankruptcy Court, and who holds or asserts a Fee Claim, shall file with the Bankruptcy Court and serve on all parties required to receive notice a final fee application within 45 days after the Effective Date. The failure to timely file the fee application as required under this Section 2.2 will result in the Fee Claim being forever barred and discharged. A Fee Claim with respect to which a fee application has been properly Filed pursuant to this Section 2.2 will become an Allowed Administrative Claim only to the extent allowed by Final Order. All Allowed Fee Claims shall be paid by the Reorganized Debtor from Cash from operations or through application of any retainer held by such professional person.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 12
LEGAL120096155.2

Debtor's principal outside counsel is handling the Bankruptcy Case on a *pro bono* basis and at the time of preparation of this Plan does not anticipate retaining any other professionals for postpetition services on a retained basis. As a result, the Debtor does not anticipate any Fee Claims being payable in connection with the Bankruptcy Case.

**2.3     Priority Tax Claims.**

Each holder of an Allowed Priority Tax Claim will be paid the full amount of its Allowed Priority Tax Claim, as follows: (a) on each of the first four anniversaries of the Effective Date, interest then accrued on such Allowed Priority Tax Claim at five percent (5.0%) per annum, plus twenty percent (20.0%) of the principal amount of such Allowed Priority Tax Claim, and (b) on the fifth anniversary of the Petition Date, interest then accrued on such Allowed Priority Tax Claim at five percent (5.0%) per annum, plus any remaining unpaid principal amount; provided, however, that the final such payment or payments shall be accelerated to comply with the provisions of Section 1129(a)(9) of the Bankruptcy Code, and provided further that any holder of an Allowed Priority Tax Claim may elect to be treated as a holder of a General Unsecured Claim. The Reorganized Debtor may prepay all or any portion of such amounts at any time.

### ARTICLE 3
### CLASSIFICATION OF CLAIMS AND INTERESTS

Pursuant to section 1122 of the Bankruptcy Code, the following table (a) designates the Classes of Claims against in the Debtor, (b) specifies the Classes of Claims that are Impaired by the Plan and therefore are deemed to reject the Plan or are entitled to vote to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code, and (c) specifies the Classes of Claims that are Unimpaired by the Plan and therefore are deemed to accept the Plan in accordance with section 1126 of the Bankruptcy Code. Administrative

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 13
LEGAL120096155.2

Claims and Priority Tax Claims of the kinds specified in section 507(a)(8) of the Bankruptcy Code (the treatment of which is set forth in Article 2 above) have not been classified and are excluded from the following Classes, in accordance with section 1123(a)(1) of the Bankruptcy Code.

| Class | Designation | Impairment | Entitled to Vote |
|---|---|---|---|
| 1 | Allowed Priority Claims | No | No (deemed to accept) |
| 2 | Allowed Tort Claims | Yes | Yes |
| 3 | Allowed Convenience Claims | Yes | Yes |
| 4 | Allowed Other Unsecured Claims | Yes | Yes |

**ARTICLE 4**
**PROVISIONS FOR TREATMENT OF CLAIMS AND INTERESTS**

The treatment of and consideration to be received by holders of Allowed Claims pursuant to this Plan will be in full settlement, release and discharge of their respective Allowed Claims unless otherwise specified herein.

**4.1    Class 1.  Priority Claims.**

Class 1 is unimpaired.  On the latest of:  (i) the Effective Date, or as soon as practicable thereafter; (ii) ten Business Days after the date a Priority Claim becomes an Allowed Claim; and (iii) the date on which the Debtor or the Reorganized Debtor, as the case may be, and the holder of such Allowed Priority Claim otherwise agree in writing, each holder of an Allowed Priority Claim will be entitled to receive Cash in an amount sufficient to render the Allowed Priority Claim unimpaired under section 1124 of the Bankruptcy Code, in full settlement, release and discharge of such Allowed Priority Claim.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 14
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 14-41858-PBS    Doc 3    Filed 04/02/14    Ent. 04/02/14 16:53:02    Pg. 18 of 43

**4.2    Class 2.  Allowed Tort Claims.**

Class 2 consists of holders of Allowed Tort Claims.  Class 2 is impaired by this Plan and Class 2 Claimants are entitled to vote on this Plan.  Class 2 Claimants shall receive the treatment described in this section on account of their Allowed Class 2 Claims.

(a)    On the Effective Date, the Reorganized Debtor will execute the Trust Note and the Trust Deed of Trust and deliver the same to the Trustee, assign the D&O Claims and Applicable Insurance to the Trustee, and take all other actions necessary or advisable to transfer the Trust Property to the Trustee for the benefit of holders of Tort Claims and General Unsecured Claims.

(b)    On the Effective Date, each Tort Claim shall be irrevocably assumed by the Trust, and once Allowed, satisfied solely from payment of the Trust Proceeds from the Trust.

(c)    Within sixty (60) days after the Tort Claims Bar Date, the Trustee will distribute to each Allowed Tort Claimant such Tort Claimant's pro rata share of the Trust Proceeds existing at the time, with such pro rata share being equal to the fraction using (i) the Allowed amount of the Tort Claim as the numerator, and (ii) as the denominator, the sum of all Tort Claims and General Unsecured Claims that have not been Disallowed.  From time to time thereafter, the Trustee may (but is not required to) make interim distributions to holders of Allowed Tort Claims using the same formula out of Trust Proceeds then available in cash, provided that such distributions shall not be made prior to thirty (30) days' notice of intent to distribute served on all those requesting special notice herein.

(d)    Within sixty (60) days after all Disputed Tort Claims and General Unsecured Claims have been resolved and all Trust Property has been liquidated, the Trustee will distribute to each Allowed Tort Claimant the amount necessary, after taking into account

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

any prior distributions, to pay such Tort Claimant its pro rata share of the Trust Proceeds, with such pro rata share being equal to the fraction using (i) the Allowed amount of the Tort Claim as the numerator, and (ii) as the denominator, the sum of all Allowed Tort Claims and Allowed General Unsecured Claims.

(e)     In the event the Trust Proceeds exceed the total of Allowed Tort Claims and Allowed General Unsecured Claims, holders of Allowed Tort Claims shall be paid (up to the amount of any such excess) post-Effective Date interest at the Federal Judgment Rate in effect at the Effective Date.

**4.3     Class 3.  Convenience Claims.**

Class 3 consists of holders of Allowed Convenience Claims.  Class 3 is impaired by this Plan and Class 3 Claimants are entitled to vote on this Plan.  Class 3 Claimants shall receive the treatment described in this section on account of their Allowed Class 3 Claims.

At the Effective Date, or as soon as practicable thereafter, the holder of each Convenience Claim will be paid fifty percent (50%) of the Allowed amount of such Convenience Claim, in full satisfaction of such Convenience Claim.

**4.4     Class 4.  Unsecured Claims**

Class 4 consists of holders of Allowed General Unsecured Claims.  Class 4 is impaired by this Plan and Class 4 Claimants are entitled to vote on this Plan.  Class 4 Claimants shall receive the treatment described in this section on account of their Allowed Class 4 Claims.

(a)     On the Effective Date, the Reorganized Debtor will execute the Trust Note and the Trust Deed of Trust and deliver the same to the Trustee, assign the D&O Claims and Applicable Insurance to the Trustee, and take all other actions necessary or advisable to

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 16
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 14-41858-PBS    Doc 3    Filed 04/02/14    Ent. 04/02/14 16:53:02    Pg. 20 of 43

transfer the Trust Property to the Trustee for the benefit of holders of Tort Claims and General Unsecured Claims.

(b) On the Effective Date, each General Unsecured Claim shall be irrevocably assumed by the Trust, and once Allowed, satisfied solely from payment of the Trust Proceeds from the Trust.

(c) Within sixty (60) days after the occurrence of the Tort Claims Bar Date, the Trustee will distribute to the holder of each General Unsecured Claim such holder's pro rata share of the Trust Proceeds existing at the time, with such pro rata share being equal to the fraction using (i) the Allowed amount of the General Unsecured Claim as the numerator, and (ii) as the denominator, the sum of all Tort Claims and General Unsecured Claims that have not been Disallowed.

(d) Within sixty (60) days after all Disputed Tort Claims and General Unsecured Claims have been resolved and all Trust Property has been liquidated, the Trustee will distribute to the holder of each General Unsecured Claim the amount necessary, after taking into account any prior distributions, to pay such holder its pro rata share of the Trust Proceeds, with such pro rata share being equal to the fraction using (i) the Allowed amount of the General Unsecured Claim as the numerator, and (ii) as the denominator, the sum of all Allowed Tort Claims and Allowed General Unsecured Claims.

(e) In the event the Trust Proceeds exceed the total of Allowed Tort Claims and Allowed General Unsecured Claims, holders of Allowed General Unsecured Claims shall be paid (up to the amount of any such excess) post-Effective Date interest at the Federal Judgment Rate in effect at the Effective Date.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 17
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**4.5     Excess Trust Proceeds**

In the event there are Trust Proceeds available after payment of all Allowed Tort Claims and Allowed General Unsecured Claims along with post-Effective Date interest, such Trust Proceeds shall be paid to the Reorganized Debtor.  Any remaining amounts due on the Trust Note shall be forgiven, the Trust Deed of Trust reconveyed, the Trust terminated, and the Trustee discharged of any further responsibilities.

**4.6     No Equity Class**

The Debtor is a not for profit corporation with no holders of equity interests. Accordingly, there is no class of equityholders.

## ARTICLE 5
## ACCEPTANCE OR REJECTION OF THIS PLAN

**5.1     Each Impaired Class Entitled to Vote Separately.**

The holders of Claims in each of Classes 2, 3 and 4 will be entitled to vote separately as a Class to accept or reject this Plan.  The holders of Priority Claims (Class 1) are not impaired and are deemed to have accepted this Plan.

**5.2     Acceptance by a Class of Claims.**

Consistent with section 1126(c) of the Bankruptcy Code, and except as provided in section 1126(e) of the Bankruptcy Code, a Class of Claims shall have accepted this Plan if this Plan is accepted by at least two-thirds in dollar amount and more than one-half in number of the holders of the Allowed Claims of such Class that have timely and properly voted to accept or reject this Plan.  If creditors in a Class (i) fail to vote to either accept or reject this Plan and (ii) fail to object to this Plan, such Class shall be deemed to accept this Plan.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 18
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 14-41858-PBS    Doc 3    Filed 04/02/14    Ent. 04/02/14 16:53:02    Pg. 22 of 43

**ARTICLE 6**
**MEANS FOR IMPLEMENTATION AND EXECUTION OF THIS PLAN**

**6.1     Effective Date Transactions.**

On the Effective Date, or as soon thereafter as is practicable, among other things the Reorganized Debtor shall execute, deliver, and record, as appropriate, all documents, instruments and agreements that are necessary to implement this Plan, including without limitation:

(a)     the Trust Agreement;

(b)     the Trust Note;

(c)     the Trust Deed of Trust;

(d)     documents necessary to assign the D&O Claims to the Trustee;

(e)     documents necessary to assign the Other Trust Assets to the Trustee;

(f)     documents necessary to assign the Applicable Insurance to the Trustee; and

(g)     documents necessary to implement the Effective Date Deed Restrictions.

**6.2     Amendment of Charter Documents.**

Debtor is a not for profit corporation that does not have equityholders or equity interests.   Accordingly, no amendments to Debtor's charter documents are required to comply with the provisions of section 1123(a)(6) of the Bankruptcy Code.

At the Effective Date, the Reorganized Debtor will amend its charter documents to reflect its new name, Mentor House.

**6.3     Continuation of Operations.**

Upon confirmation of this Plan, the Reorganized Debtor will continue its legal existence and will be revested with title to all property of its estate, except to the extent transferred under the Plan.  From and after the Effective Date, the Reorganized Debtor shall

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 19
LEGAL120096155.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 14-41858-PBS    Doc 3    Filed 04/02/14    Ent. 04/02/14 16:53:02    Pg. 23 of 43

continue its operations in a manner consistent with this Plan. The Reorganized Debtor shall be authorized to use, sell, lease or otherwise dispose of its property free of any restrictions contained in the Bankruptcy Code or Bankruptcy Rules, but subject to applicable non-bankruptcy law and the provisions of this Plan.

**6.4     Management and Operations.**

From and after the Effective Date, the Reorganized Debtor shall be governed in accordance with its Articles of Incorporation and ByLaws, under the control of the Board of Directors as it existed prior to the filing of this Bankruptcy Case, subject to replacement of members of the Board in accordance with such ByLaws.

**6.5     Plan Funding.**

This Plan shall be funded by a combination of the Debtor's Cash on hand as of the Effective Date and Cash that is collected or generated by Reorganized Debtor after the Effective Date.

**6.6     Preservation of Causes of Action and Avoidance Actions.**

All Causes of Action and Avoidance Actions are preserved and reserved for later adjudication in accordance with this Plan, and therefore no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches will apply to those Claims or causes of action on or after Confirmation or the Effective Date of this Plan. The Disclosure Statement contains a description of certain of the Causes of Action known to the Debtor at the time of preparation of the Disclosure Statement, but the failure to specifically list or otherwise identify an Avoidance Claim or Cause of Action in this Plan or the Disclosure Statement:  (i) is not intended to effect, and to the extent permitted by law will not be

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

deemed to effect a release or waiver of such Avoidance Claim or Cause of Action; and (ii) is not intended to impair, and to the extent permitted by law will not impair, the Reorganized Debtor's right to pursue such an Avoidance Claim or Cause of Action.

**6.7    Compensation of Professionals.**

All professionals employed after the Effective Date by the Reorganized Debtor and prior to the closing of the Bankruptcy Case (other than those working on a *pro bono* basis) will be paid by the Reorganized Debtor without the need for Bankruptcy Court approval.

### ARTICLE 7
### PROVISIONS GOVERNING DISTRIBUTIONS AND DISPUTED CLAIMS

**7.1    Disbursing Agent.**

Reorganized Debtor shall act as the disbursing agent for all disbursements required under this Plan, other than distributions to holders of Class 2 Claims (Tort Claims) and Class 4 Claims (General Unsecured Claims), which shall be made by the Trustee.

**7.2    Record Date.**

The record date for distributions will be the date of approval of the Disclosure Statement or any later date established by order of the Bankruptcy Court.

**7.3    Timing of Distributions.**

Except as otherwise provided for herein or ordered by the Bankruptcy Court, distributions under this Plan shall be made on the Effective Date or as soon thereafter as is practicable.

**7.4    Withholding Taxes.**

Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law will be deducted by the Reorganized Debtor from all

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 21
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

distributions. All Entities holding Claims shall provide any information necessary to effect the withholding of such taxes.

**7.5    Third Party Recoveries.**

To the extent that any creditor entitled to payment under this Plan receives payment in full or in part on any amounts asserted against the Debtor, such creditor's Claim shall be reduced by any such payment or distribution.

**7.6    Fractional Cents.**

Any other provision of this Plan to the contrary notwithstanding, no payment of fractions of cents will be made. Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment will reflect a rounding down of such fraction to the nearest whole cent.

**7.7    No Distributions Under Twenty Dollars.**

No distribution of less than $20.00 shall be made to the holder of any Allowed Claim and all such Claims are discharged.

**7.8    Undeliverable or Unclaimed Distributions.**

For a period of 180 days after any particular distribution is made pursuant to this Plan, distributions that are unclaimed, including (i) checks that have been returned as undeliverable without a proper forwarding address and (ii) checks that were not mailed or delivered because of the absence of a proper address to which to mail or deliver the same, shall be distributed to the holders of Allowed Claims entitled thereto upon presentment to the Reorganized Debtor of satisfactory proof of entitlement. The Reorganized Debtor shall make a reasonable effort to ascertain the correct mailing address from information generally available to the public for each holder of an Allowed Claim whose check or other property

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 22
LEGAL120096155.2

cannot be mailed or delivered because of the absence of a proper address or whose check has been returned without a proper forwarding address. On the first day after the expiration of such 180 day period (i) holders of Allowed Claims previously entitled to such undeliverable or unclaimed distribution shall no longer be entitled to such distribution and (ii) such Claims shall be deemed disallowed for all purposes, including any future distributions. Pursuant to Section 347(b) of the Bankruptcy Code, all disbursements made under this Plan that remain unclaimed as set forth herein shall become property of the Reorganized Debtor.

**7.9     Time Bar to Cashing Distribution Checks.**

The Reorganized Debtor may (but shall not be obligated to) stop payment on any check issued by it in respect of Allowed Claims if such check is not negotiated within 60 days after the date of issuance thereof. Any request for reissuance of any check shall be made to the Reorganized Debtor in accordance with this Plan, by the holder of the Allowed Claim to whom such check originally was issued, prior to the expiration of the 180 day period set forth in this Section 7.8 of this Plan. After such date, the holder of any such Claim who has failed to make a timely request for reissuance of such a voided check shall not be entitled to any other or further distribution under this Plan on account of such voided check or such Claim.

**7.10    Transmittal of Distributions and Notices.**

Any property or notices, including distributions, that an entity is or becomes entitled to receive pursuant to this Plan may be delivered by regular mail, postage prepaid, in an envelope addressed to that entity at the address indicated on a properly Filed proof of claim or, absent such a proof of claim, the address that is listed on the Debtor's Schedules, as they

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 23
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 14-41858-PBS    Doc 3    Filed 04/02/14    Ent. 04/02/14 16:53:02    Pg. 27 of 43

may from time to time be amended in accordance with Bankruptcy Rule 1009; provided, however, that a holder of a Claim may designate a different address for notices and distributions by notifying the Reorganized Debtor in writing of a change of address. The new address shall be effective a reasonable time after receipt by Reorganized Debtor of such notice.

**7.11 Disputed Claims.**

The Reorganized Debtor shall have the exclusive right to file objections to the allowance of Claims and shall assert such objections no later than 120 days after the Effective Date (other than Future Tort Claims, which may be objected to by the Trustee, and as to which objections shall be made no later than 120 days after the Tort Claims Bar Date), unless for cause shown the Bankruptcy Court extends any such deadline. No disbursement shall be made on account of a Disputed Claim as to which an objection has been interposed or as to which a counterclaim or setoff has been asserted, unless and until the objection, counterclaim or setoff is finally resolved and such Disputed Claim is Allowed. Once a Disputed Claim is Allowed, the Reorganized Debtor or Trustee, as applicable, shall make distributions on such Claim as set forth in this Plan.

**7.12 Procedure.**

Unless otherwise ordered by the Bankruptcy Court, the Reorganized Debtor will litigate the merits of each Disputed Claim until determined by a Final Order; provided, however, that the Reorganized Debtor may without approval of the Bankruptcy Court settle any Disputed Claim in an amount less than $25,000, but shall be required to seek Bankruptcy Court approval for the settlement of any Disputed Claim in excess of that amount.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 24
LEGAL120096155.2

Case 14-41858-PBS    Doc 3    Filed 04/02/14    Ent. 04/02/14 16:53:02    Pg. 28 of 43

**7.13    Disputed Distributions.**

If any dispute arises as to the identity of a holder of an Allowed Claim who is to receive any distribution under this Plan, the Reorganized Debtor shall not make any distributions to such creditor, but shall reserve funds for such until the disposition thereof shall be determined by court order or by written agreement among the interested parties to such dispute.

**7.14    Limitations on Filing or Amending Claims After the Confirmation Date.**

Except as otherwise provided in this Plan, after the Confirmation Date, a proof of claim may be amended by the holder of such Claim solely to decrease, but not to increase, the amount of such Claim.  Except as otherwise provided in this Plan and in the immediately preceding sentence, any proof of claim (whether Filed to assert a new Claim or to amend a previously Filed Claim) Filed after the Confirmation Date shall be deemed disallowed in full and expunged without any action by the Reorganized Debtor (other than Future Tort Claims, which shall be deemed disallowed in full and expunged if not filed on or before the Tort Claims Bar Date).

**7.15    No Distributions Pending Allowance.**

Notwithstanding any other provision of this Plan, no distributions under this Plan shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by Final Order.   No holder of a Disputed Claim shall have any Claim against the Reorganized Debtor or the Trust on account of such Disputed Claim unless and until such Disputed Claim becomes an Allowed Claim.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 25
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 14-41858-PBS    Doc 3    Filed 04/02/14    Ent. 04/02/14 16:53:02    Pg. 29 of 43

**ARTICLE 8**
**TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**8.1    General Assumption or Rejection of Executory Contracts and Unexpired Leases.**

Entry of the Confirmation Order will constitute Bankruptcy Court approval of Debtor's (a) assumption, effective as of the Effective Date, of the executory contracts and unexpired leases designated as such in the Plan Supplement (the "**Assumed Contracts**"), and (b) rejection, effective as of the Effective Date, of the executory contracts and unexpired leases designated as such in the Plan Supplement.  All executory contracts and unexpired leases to which Debtor is a party as of the Confirmation Date that have not yet been assumed or rejected, are not on the schedule of Assumed Contracts in the Plan Supplement, and are not the subject of a motion to assume or reject pending as of the Confirmation Date, shall be deemed rejected.

**8.2    Cure of Assumed Contracts and Leases.**

Any monetary amounts that are in default under an Assumed Contract shall be satisfied by Cure.  The Plan Supplement shall contain a proposed Cure amount for each Assumed Contract.  Any person who disputes the proposed Cure amount shall file an objection no later than two days prior to the Confirmation Hearing.  In the event of a dispute regarding (i) the nature or the amount of any Cure, (ii) the ability of the Reorganized Debtor to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under any such contract or lease, or (iii) any other matter pertaining to the assumption of such a contract or lease, Cure shall occur immediately following the entry of a Final Order resolving the dispute.  Cure costs shall be paid by the Reorganized Debtor.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**8.3    Filing of Proofs of Claim.**

All proofs of claim with respect to Claims arising from the rejection of executory contracts or unexpired leases must be Filed with the Bankruptcy Court within 30 days after the Effective Date or entry of an order of the Bankruptcy Court approving rejection of a specific executory contract or unexpired lease, whichever is later.  Failure to file such a proof of claim within the time provided will forever bar assertion of such a Claim.

**ARTICLE 9**
**CONDITIONS PRECEDENT**

**9.1    Conditions Precedent to the Effective Date.**

The following are conditions precedent to the occurrence of the Effective Date, each of which must be satisfied or waived in accordance with this Section 9.1 of this Plan:

(a)    The Bankruptcy Court shall have entered the Confirmation Order, in form and substance reasonably satisfactory to the Debtor, which shall, among other things, (i) find that this Plan complies with all applicable requirements of the Bankruptcy Code, (ii) decree that the Confirmation Order shall supersede any Court orders issued prior to the Confirmation Date that may be inconsistent therewith, (iii) decree that, except as otherwise provided in this Plan or in the Confirmation Order, all transfers of property contemplated under this Plan shall be free and clear of all Claims, security interests, liens, encumbrances and other interests of holders of Claims, (iv) provide that any and all executory contracts and unexpired leases that are assumed pursuant to this Plan shall remain in full force and effect for the benefit of the Reorganized Debtor, in each case, notwithstanding any provision in any such contract or lease or in applicable law (including those described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such transfer or that enables or requires termination or modification of such contract or

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

lease; and (v) authorize the Debtor or the Reorganized Debtor to take all actions necessary or appropriate to enter into, implement and consummate the contracts, instruments, releases, leases, indentures and other agreements or documents created in connection with this Plan.

(b)     No stay of the Confirmation Order shall be in effect at the time the other conditions set forth in this Section 9.1 have been satisfied or waived.

(c)     All documents, instruments and agreements, each in form and substance satisfactory to the Debtor, provided for under or necessary to implement this Plan, including without limitation, the attachments to the Plan Supplement, shall have been executed and delivered by the parties thereto, unless such execution or delivery has been waived by the party to be benefited thereby.

**9.2     Waiver of Conditions.**

Except as provided herein, the conditions set forth above may only be waived in whole or in part by the Debtor.

**9.3     Notice of Effective Date.**

On the first business day after the Confirmation Date on which all conditions to effectiveness of this Plan are satisfied or waived as provided in this Article 9, or as soon thereafter as is reasonably practicable, the Reorganized Debtor shall file with the Bankruptcy Court a notice that states the date on which the Effective Date occurred. The Plan shall be deemed to be effective as of 12:01 a.m. (prevailing Pacific Time) on the Effective Date set forth in such notice Filed with the Bankruptcy Court.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 28
LEGAL120096155.2

## ARTICLE 10
## EFFECT OF CONFIRMATION

**10.1    Effect of Appeals.**

Notwithstanding the pendency of an appeal from the Confirmation Order or the timely service and filing of a motion under Bankruptcy Rules 7052, 8002(b), 8002(c), 8003, 8015, 9023 or 9024, the Debtor may, but shall not be required to, consummate this Plan, unless the Confirmation Order is stayed pending appeal.

**10.2    Binding Effect.**

On the Effective Date, pursuant to section 1141(a) of the Bankruptcy Code, the provisions of this Plan shall bind the Debtor, the Reorganized Debtor, all Creditors and all holders of Interests, including each of their respective heirs, legal representatives, successors and assigns, whether or not they accept this Plan.

**10.3    Revesting of Property.**

As of the Effective Date, pursuant to sections 1123(a)(5) and 1141 of the Bankruptcy Code, the Reorganized Debtor shall be revested with title to all property of its estate, free and clear of all liens, Claims and interests, except to the extent otherwise provided in this Plan or in the Confirmation Order.  As of the Effective Date, the Reorganized Debtor may use and dispose and otherwise deal with such property and may conduct its affairs without supervision of the Bankruptcy Court and free of any restrictions imposed by the Bankruptcy Code or the Bankruptcy Rules, other than those restrictions expressly imposed by this Plan or the Confirmation Order.

**10.4    Discharge.**

Except, as otherwise provided in this Plan or in the Confirmation Order, on the Effective Date, pursuant to section 1141(d) of the Bankruptcy Code, Debtor and

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Reorganized Debtor shall be discharged from all liability on any and all Claims against Debtor that arose at any time before the Effective Date.

**10.5    Term of Injunction or Stays.**

Unless otherwise provided herein, any injunction or stay arising under or entered during this Bankruptcy Case under section 105 or 362 of the Bankruptcy Code or otherwise that is in existence on the Confirmation Date shall remain in full force and effect until the Effective Date.

**10.6    Injunction.**

*Except as otherwise provided herein, from and after the Effective Date, all holders of Claims shall be permanently enjoined from commencing or continuing in any manner, any suit, action or other proceeding, on account of any Claim, interest, obligation, debt, right, cause of action, remedy or liability released, to be released, or otherwise dealt with pursuant to this Plan, against the Debtor, the Reorganized Debtor, the Trustee, the Trust, or their property, including any claims they may have against any assets of the Debtor's estate which are subject to administration to pay Claims.*

**10.7    Exculpation.**

*Neither the Debtor, nor any of its officers, directors, members, representatives or agents who served as such during this Bankruptcy Case, shall have or incur any liability to any Entity for any act or omission in connection with or arising out of the negotiation of this Plan, the pursuit of confirmation of this Plan, the pursuit of approval of the Disclosure Statement, the consummation of this Plan, the transactions contemplated and effectuated by this Plan, the administration of this Plan or any other act or omission during the administration of this Bankruptcy Case or the Debtor's estate.*

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Notwithstanding the foregoing, Claims arising from gross negligence or willful misconduct on behalf of the Debtor are not waived or released in any manner by this Plan.  In all respects, the Debtor will be entitled to rely upon the advice of counsel with respect to its duties and responsibilities under this Plan.*

**10.8    Effect on Insurance Policies.**

Notwithstanding anything to the contrary contained elsewhere in this Plan, including any provision herein that purports to be preemptory or supervening, the respective rights, obligations and defenses of the insured and insurer under each insurance policy issued to the Debtor or under the agreements related to such policies shall be unaffected by this Plan, except to the extent that after the Effective Date the Trust and the Trustee shall have all rights as policyholder with respect to the Applicable Insurance.  Any and all Claims of the insurers that issued such policies before the Petition Date, whether such Claims arise under the policy documents or otherwise, shall be classified and treated as Class 4 (General Unsecured) Claims.

## ARTICLE 11
## MISCELLANEOUS PROVISIONS

**11.1    Revocation.**

The Debtor reserves the right to revoke and withdraw this Plan at any time prior to the Confirmation Date.

**11.2    Effect of Withdrawal or Revocation.**

If the Debtor revokes or withdraws this Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then this Plan will be deemed null and void.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 31
LEGAL120096155.2

Case 14-41858-PBS    Doc 3    Filed 04/02/14    Ent. 04/02/14 16:53:02    Pg. 35 of 43

**11.3   Modifications.**

The Debtor may propose amendments to or modifications of this Plan under section 1127 of the Bankruptcy Code at any time prior to the Confirmation.  After the Confirmation Date, the Debtor may remedy any defects or omissions or reconcile any inconsistencies in this Plan or in the Confirmation Order in such manner as may be necessary to carry out the purposes and intent of this Plan so long as the interests of claimants are not materially and adversely affected.

**11.4   Bankruptcy Court to Retain Jurisdiction.**

The Bankruptcy Court will retain jurisdiction over all matters arising out of or related to this Bankruptcy Case and this Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code until the Effective Date.  From and after the Effective Date, until the Plan has been fully administered, including after the closing of this Bankruptcy Case by the Bankruptcy Court pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Bankruptcy Court will retain and have jurisdiction over the Debtor, its estate, the Reorganized Debtor, and this Bankruptcy Case for the purposes of determining all matters presented by or arising under this Plan, including, without limitation, jurisdiction to:

(i)      enforce and administer the provisions of this Plan, including taking any action to enforce this Plan, and issue such orders as may be necessary for the implementation, execution and consummation of this Plan and the determination of any and all disputes arising under or in connection with this Plan;

(ii)     determine the allowance or classification of Claims and determine any objections or disputes thereto, including without limitation Claims payable from the Trust;

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 32
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

(iii)     determine any and all applications, motions, adversary proceedings, and contested matters pending before the Bankruptcy Court as of the Effective Date and arising in or related to this Bankruptcy Case or this Plan;

(iv)     determine any and all Fee Claims incurred in this Bankruptcy Case;

(v)     determine any other request for payment of Administrative Claims;

(vi)     correct any defect, cure any omission or reconcile any inconsistency in this Plan or the Confirmation Order as may be necessary to carry out the provisions, purposes and intent of this Plan;

(vii)     approve and confirm any modification of this Plan;

(viii)     enter and implement such orders as may be appropriate if the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

(ix)     consider the compromise and settlement of any Claim against the Debtor or the Debtor's estate to the extent necessary under Section 7.12 or otherwise requested by a party in interest with respect to such Claim;

(x)     determine such other matters as may be provided for in the Confirmation Order or as may from time to time be authorized under the provisions of the Bankruptcy Code or any other applicable law;

(xi)     enforce all orders, judgments and rulings entered in connection with this Bankruptcy Case;

(xii)     enforce, interpret and administer the provisions of this Plan, including, but not limited to, the provisions relating to the distributions to be made hereunder and to the transfer of any property hereunder;

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 33
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

(xiii) determine matters concerning federal, state or local taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

(xiv) issue and enter such orders, consistent with sections 1142 and 105(a) of the Bankruptcy Code, as may be necessary to effectuate the consummation and full and complete implementation of this Plan; and

(xv) exercise the jurisdiction granted pursuant to section 505(a) and (b) of the Bankruptcy Code to determine any and all federal, state, local and foreign tax liabilities of, any and all refunds of such tax paid by, the Debtor; and to enforce the protections granted the Debtor under section 525 of the Bankruptcy Code and applicable civil rights laws.

**11.5    Election Pursuant to Section 1129(b) of the Bankruptcy Code.**

The Debtor hereby requests confirmation of the Plan pursuant to section 1129(b) of the Bankruptcy Code if the requirements of all provisions of section 1129(a) of the Bankruptcy Code, except paragraph (a)(8) thereof, are met with regard to the Plan.   In determining whether the requirements of section 1129(a)(8) of the Bankruptcy Code have been met, any Class or subclass of a Class that does not contain as an element thereof an Allowed Claim or a Claim temporarily allowed under Bankruptcy Rule 3018 as of the date fixed by the Bankruptcy Court for filing acceptances or rejections of this Plan shall be deemed deleted from this Plan for purposes of voting to accept or reject this Plan and for purposes of determining acceptance or rejection of this Plan by such Class or subclass.

**11.6    Consummation of the Plan.**

The Debtor reserves the right to request that the Confirmation Order include (i) a finding by the Bankruptcy Court that Bankruptcy Rule 3020(e) shall not apply to the

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 34
LEGAL120096155.2

Confirmation Order, and (ii) the Bankruptcy Court's authorization for the Debtor to consummate the Plan immediately after entry of the Confirmation Order.

**11.7    Exemption from Transfer Taxes.**

Pursuant to section 1146(a) of the Bankruptcy Code, the delivery of any deed or other instrument of transfer under, in furtherance, or in connection with this Plan, whether occurring prior or subsequent to the Confirmation Date, including any deeds, bills of sale or assignments executed in connection with any disposition of assets contemplated by this Plan, shall not be subject to any stamp tax, real estate transfer tax, excise tax, sales tax, use tax or other similar tax.

**11.8    Waivers.**

Except as otherwise provided in the Plan or in the Confirmation Order, any term of the Plan may be waived by the party benefited by the term to be waived.

**11.9    Setoffs, Recoupments and Defenses.**

Nothing contained in the Plan shall constitute a waiver or release by the Debtor or the Reorganized Debtor, or the Trustee or the Trust, of any rights of setoff or recoupment, or of any defense, they may have with respect to any Claim (including, without limitation, rights under section 502(d) of the Bankruptcy Code). Except as otherwise provided in the Plan, in the Confirmation Order or in agreements previously approved by a Final Order, the Reorganized Debtor may, but will not be required to, set off against any Claim or any distributions with respect to such Claim any and all of the claims, rights and Causes of Action of any nature that the Debtor or the Reorganized Debtor, as applicable, may hold against the holder of such Claim; provided, however, that neither the failure to effect such a setoff, the allowance of any Claim, the payment of any distribution hereunder or any other

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

action or omission of the Debtor or the Reorganized Debtor, as applicable, nor any provision of the Plan, shall constitute a waiver or release by the Debtor or the Reorganized Debtor, as applicable, of any such claims, rights and Causes of Action that the Debtor or the Reorganized Debtor, as applicable, may possess against such holder.

**11.10   Cancellation of Documents Evidencing Unsecured Claims.**

As of the Effective Date, any note, agreement, instrument or other document evidencing an Unsecured Claim in an impaired Class shall be deemed cancelled, null and void, except for the right, if any, to receive distributions under this Plan.

**11.11   No Retiree Benefits.**

The Debtor is not obligated to provide retiree benefits within the meaning of section 1114(a) of the Bankruptcy Code.  Thus, section 1129(a)(13) of the Bankruptcy Code does not apply to this Plan.

**11.12   Closing of the Bankruptcy Cases.**

As soon as practicable after the Effective Date, when the Reorganized Debtor deems appropriate, and notwithstanding the continued existence of the Trust, the Reorganized Debtor shall seek authority from the Bankruptcy Court to close its Bankruptcy Case in accordance with the Bankruptcy Code and the Bankruptcy Rules; provided, however, that entry of a final decree closing the Bankruptcy Case shall, whether or not specified therein, be without prejudice to the right of the Reorganized Debtor or other party in interest to reopen the Bankruptcy Case for any matter over which the Bankruptcy Court has retained jurisdiction under this Plan.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**11.13   Compromise of Controversies.**

Pursuant to Bankruptcy Rule 9019, and in consideration for the classification, distributions and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims or controversies resolved pursuant to the Plan.  The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of each of the compromises and determination that such compromises and settlements are in the best interest of the Debtor and the estate.  The Debtor expressly reserves the right (with Court approval, following appropriate notice and opportunity for a hearing) to compromise and settle other Claims and Causes of Action up to and including the Effective Date.

**11.14   Payment of Statutory Fees.**

The Reorganized Debtor will be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6) until the Bankruptcy Cases are closed, converted, or dismissed.  After Confirmation, the Reorganized Debtor shall file a monthly financial report for each month, or portion thereof, that the Bankruptcy Case remains open.  The monthly financial report will include a statement of all disbursements made during the course of the month by the Reorganized Debtor, whether or not pursuant to this Plan.

**11.15   Notices.**

All notices, requests, demands or other communications in connection with or required to be given under this Plan, if any, will be in writing and will be sent either through the Bankruptcy Court's Electronic Case Filing (ECF) system in accordance therewith, or by: (i) certified first class mail, return receipt requested, postage prepaid (deemed given when received as noted on return receipt); (ii) overnight courier, freight prepaid, receipt requested (deemed given when received as noted on receipt); (iii) facsimile (deemed given when

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

received as noted on confirmation report); (iv) hand delivery, receipt requested (deemed given when received as noted on receipt), or (v) in the case of Debtor's counsel, email:

> If to Reorganized Debtor, to:
>
> Mentor House_____
> fka Gateways for Youth
> 3501 104th St East
> Tacoma, WA 98446
> Attn: Charity Woolbright
> Email: charity@gatewaysforyouth.org
>
> _____
>
> With a copy to:
>
> Perkins Coie LLP
> 1201 Third Avenue, Suite 4900
> Seattle, WA 98101-3099
> Phone: (206) 359-8000
> Fax: (206) 359-9000
> Attn: Alan D. Smith and
>     Brian A. Jennings
> Email: ADSmith@perkinscoie.com
>     BJennings@perkinscoie.com

The above parties may, from time to time, change their addresses for future notices and other communications hereunder by filing a notice of the change of address with the Bankruptcy Court.

**11.16 Headings.**

The headings of the articles, sections and subsections of this Plan are inserted for convenience only and will not affect the interpretation hereof.

**11.17 Construction.**

The rules of construction used in section 102 of the Bankruptcy Code will apply to the construction of this Plan.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 38
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 14-41858-PBS    Doc 3    Filed 04/02/14    Ent. 04/02/14 16:53:02    Pg. 42 of 43

**11.18   Governing Law.**

Except to the extent that the Bankruptcy Code is applicable and preempts state law, the rights and obligations arising under this Plan will be governed by, and will be construed and enforced in accordance with, the laws of the State of Washington.

**11.19   Successors and Assigns.**

The rights and obligations of any Entity named or referred to in this Plan will be binding upon, and will inure to the benefit of, the successors and assigns of such Entity.

**11.20   Exhibits and Supplements.**

All exhibits and schedules to this Plan, as well as the attachments to the Plan Supplement, are incorporated into and are part of this Plan as if set forth in full herein.

WHEREFORE, the Debtor requests entry of an order granting the relief requested herein and such other and further relief as is just and proper under the circumstances.

DATED:  April 2, 2014

**GATEWAYS FOR YOUTH AND FAMILIES**

By:     /s/  *Charity Woolbright*
Executive Director

_____

**PERKINS COIE** LLP

By: /s/  *Brian A. Jennings*_____
     Alan D. Smith, WSBA No. 24964
     ADSmith@perkinscoie.com
     Brian A. Jennings, WSBA No. 32509
     BJennings@perkinscoie.com
     1201 Third Avenue, Suite 4800
     Seattle, Washington 98101-3099
     Telephone:  206.359.8000
     Facsimile:  206.359.9000

     Attorneys for Debtor
     Gateways for Youth and Families

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 2, 2014 – 39
LEGAL120096155.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 14-41858-PBS   Doc 3   Filed 04/02/14   Ent. 04/02/14 16:53:02   Pg. 43 of 43