**Below is the Order of the Court.**



_____
**Paul B. Snyder**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re<br><br>GATEWAYS FOR YOUTH AND FAMILIES<br><br>Debtor. | Case No. 14-41858-PBS<br><br>**ORDER APPROVING DISCLOSURE STATEMENT AND ESTABLISHING PROCEDURES FOR VOTING ON PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF** |

THIS MATTER came before the Court on the Amended Disclosure Statement [Dkt. 2, as amended by Dkt. 30] (the "*Disclosure Statement*") accompanying Debtor's Plan of Reorganization dated April 2, 2014 [Dkt. 3] (the "*Plan*"), filed by Gateways for Youth and Family, debtor and debtor-in-possession ("*Debtor*" or "*Gateways*"). Having reviewed the pleadings and other documents submitted, the statements of counsel and the files and records in this matter; and being fully advised in the premises, the Court FINDS AND CONCLUDES AS FOLLOWS:

A. The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334 and consideration of the Motion and the relief requested therein constitute a core

**ORDER APPROVING DISCLOSURE STATEMENT AND GRANTING RELATED RELIEF -** 1

LEGAL121004289.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 14-41858-PBS    Doc 35    Filed 05/23/14    Ent. 05/23/14 11:08:25    Pg. 1 of 6

proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. On April 2, 2014 (the "*Petition Date*"), Gateways filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, Gateways continues to manage its property as debtor and debtor in possession. No trustee, examiner or statutory committee has been appointed.

C. No creditor or other party in interest objected to approval of the Disclosure Statement. At a hearing on May 19, 2014, the court approved the Disclosure Statement.

D. The Disclosure Statement contains adequate information within the meaning of Section 1125 of the Bankruptcy Code.

E. Notice of the hearing on the Motion and the deadline for filing objections to the Disclosure Statement was provided to the Office of the U.S. Trustee, all parties who have filed a request for notice in this case, and all parties receiving ECF notices. Such notice was appropriate under the circumstances and no further notice need be given.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion is GRANTED in all respects.

2. The Disclosure Statement is APPROVED in all respects.

3. Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Disclosure Statement.

4. The record date for determining which holders of Claims are or are not entitled to vote to accept or reject the Plan and receive distributions pursuant to the Plan is **May 19, 2014**.

5. The Confirmation Hearing to consider confirmation of the Plan will be held before the Honorable Paul B. Snyder of the United States Bankruptcy Court for the Western

**ORDER APPROVING DISCLOSURE STATEMENT AND GRANTING RELATED RELIEF -** 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 14-41858-PBS    Doc 35    Filed 05/23/14    Ent. 05/23/14 11:08:25    Pg. 2 of 6

District of Washington, U.S. Bankruptcy Court at Union Station, 1717 Pacific Avenue, Suite 2100, Tacoma, Washington 98402, Courtroom H, on **July 10, 2014** at **10:30 a.m.,** provided, however, that the Confirmation Hearing may be adjourned or continued from time to time by the Court.

6. Any objections to confirmation of the Plan must (i) be in writing, (ii) state the name and address of the objecting party and the nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection, and include any evidence in support of such objection the objecting party intends to present to the Court, and (iv) be filed, together with proof of service, with the Court, and be served so as to be actually filed and received no later than **June 30, 2014** at **5:00 p.m.** (prevailing Pacific Time), and (v) be served on (i) Perkins Coie LLP, counsel for the Debtor, 1201 Third Avenue, Suite 4800, Seattle, WA 98101 (Attn: Brian A. Jennings); and (ii) the Office of the U.S. Trustee, 700 Stewart Street, Suite 5103, Seattle, WA 98101. Objections to confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth above shall not be considered and shall be deemed overruled.

7. The Debtor shall file a ballot report no later than **July 3, 2014**.

8. The term "*Solicitation Package*" means the following items, unless otherwise provided: (a) this Order; (b) notice of the hearing on confirmation of the Plan; (c) the Disclosure Statement as approved by the Court; (d) the Plan (which may be included as an exhibit to the Disclosure Statement); (e) a ballot substantially in the form to be provided by the Debtor consistent with the Federal Rules of Bankruptcy Procedure (a "*Ballot*"); (f) a pre-addressed return envelope; and (g) such other materials as the Court may direct.

9. The Debtor shall complete the mailing of the Solicitation Packages on or before **May 27, 2014** (the "*Solicitation Date*") as follows:

**ORDER APPROVING DISCLOSURE STATEMENT AND GRANTING RELATED RELIEF -** 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 14-41858-PBS    Doc 35    Filed 05/23/14    Ent. 05/23/14 11:08:25    Pg. 3 of 6

a. The Debtor shall distribute a copy the entire Solicitation Package to Classes 2, 3 and 4;

b. The Debtor shall distribute a notice of non-voting status and items (a) through (d) of the Solicitation Package to members of Classes 1 and 5.

c. The Debtor shall distribute items (a) through (d) of the Solicitation Package to the U.S. Trustee, the Internal Revenue Service, and any other governmental entity entitled to notice.

10. The Debtor is authorized to make non-substantive changes to the Disclosure Statement, the Plan, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages prior to mailing.

11. All ballots must be properly executed, completed and delivered to Debtor's counsel (a) by first class mail in the return envelope provided, or otherwise, (b) by overnight courier, (c) by hand delivery, (d) by facsimile, or (e) as an email attachment in a standard recognized format (e.g., PDF), *so that it is actually received by Gateways' counsel no later than **5:00 p.m**. (prevailing Pacific Time) on **June 30, 2014*** (the "***Voting Deadline***").

12. The amount and classification of a claim for purposes of voting on the Plan shall be determined as follows:

(a) If a proof of claim has not been timely filed (i.e. was not filed by the applicable bar date), the amount of a claim shall be equal to the amount, if any, listed in respect of such claim in Debtor's bankruptcy schedules (as may be amended from time to time, the "Schedules"), to the extent such claim is not listed as a contingent, unliquidated, undetermined or disputed (subject to any applicable limitations set forth below). Such claim shall be placed in the appropriate class of the Plan based on the Debtor's records and classification scheme set forth in the Plan.

(b) If a proof of claim has been timely filed for a liquidated, non-contingent claim, and has not been objected to by the Claim Objection

**ORDER APPROVING DISCLOSURE STATEMENT AND GRANTING RELIEF -** 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 14-41858-PBS    Doc 35    Filed 05/23/14    Ent. 05/23/14 11:08:25    Pg. 4 of 6

Deadline (defined below) the amount and classification shall be that specified in such proof of claim for voting purposes only and shall not be binding for any other purpose, subject to any applicable limitations set forth below.

(c) If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, the amount and classification shall be that set by the Court.

(d) Creditors shall not be entitled to vote claims to the extent such claims duplicate or have been superseded by other claims timely filed by or on behalf of such creditors. Debtor shall determine, in its discretion, whether a claim is duplicative or has been superseded for voting purposes only.

(e) If a creditor's proof of claim does not indicate the appropriate classification of a claim and the classification cannot be determined from the Schedules, the holder of such claim may only vote as an Unsecured Claim in Class 4, unless otherwise permitted by a Court order before the Voting Deadline.

(f) Any creditor with multiple claims in the same Class shall have one Claim for voting and distribution purposes and all such amounts will be aggregated into one Claim and such creditor shall be entitled to submit only one ballot.



13. The following Ballots ^after notice and order of the Court will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

(a) Any Ballot received after the Voting Deadline;

(b) Any Ballot that is illegible or contains insufficient information to permit the identification of the claim;

(c) Any Ballot cast by a person or entity that does not hold an allowed claim or interest in a class that is entitled to vote to accept or reject the Plan;

(d) Any Ballot that is properly completed, executed and timely returned but indicates <u>both</u> an acceptance and a rejection of the Plan;

(e) Any form of Ballot other than the Ballot approved by the Court or a copy thereof;

(f) Any Ballot without a manual signature; and

**ORDER APPROVING DISCLOSURE STATEMENT AND GRANTING RELATED RELIEF -** 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

(g) Any Ballot that "splits" a vote in the same class to both accept the Plan and reject the Plan.

14. In addition to the foregoing, with respect to any Class that is entitled to vote but for which (a) no ballots either accepting or rejecting the Plan are received and (b) no objections to confirmation of the Plan are received from any creditor in such Class, such Class be deemed to accept the Plan.

15. The Debtor is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

16. All notices to be provided pursuant to the procedures set forth herein are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing and no other or further notice need be provided.

/// End of Order ///

Presented by:
**PERKINS COIE LLP**

By: */s/ Alan D. Smith*

    Alan D. Smith, WSBA No. 24964
    Brian A. Jennings, WSBA No. 32509

Attorneys for Debtor
Gateways for Youth and Families

**ORDER APPROVING DISCLOSURE STATEMENT AND GRANTING RELATED RELIEF -** 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000